UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MEREDITH CORPORATION** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:08-cv-00257 |
| | ) |
| **HOME INTERIORS & GIFTS, INC.** | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT HOME INTERIORS & GIFTS, INC.'S
ORIGINAL ANSWER AND COUNTERCLAIM**

**NOW COMES**, Defendant Home Interiors & Gifts, Inc., through its counsel, and for its Original Answer and Counterclaim states as follows:

**Jurisdiction and Venue**

1. The allegations in Paragraph 1 are a legal conclusion to which no answer is required.

2. Plaintiff admits that the agreement of the parties provide for venue in this district. The remaining allegations in Paragraph 2 are legal conclusions to which no answer is required.

**Parties**

3. Admitted.

4. Admitted.

**Background**

5. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5.

6. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7.

8. The allegations contained in Paragraph 8 constitute a legal conclusion to which no answer is required.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12.

13. Defendant admits that it is a direct seller of home accessories.

14. Defendant admits that it negotiated with Meredith for a license agreement and one was ultimately entered into.

15. Defendant admits that it entered into a certain agreement denominated "Meredith Corporation—Home Interiors & Gifts, Inc. Strategic Alliance" (the "Agreement"). Defendant asserts that the Agreement speaks for itself and the remaining allegations in this paragraph are characterizations of the Agreement not requiring a response. To the extent the remaining allegations in paragraph 15 require a response, Defendant is without sufficient knowledge or information to

either admit or deny.

16. Defendant admits that the Agreement was subsequently amended on several occasions and such amendments demonstrate the extent or topics of such amendment. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that the Agreement calls for royalty payments to Meredith and that the Agreement speaks for itself with respect to the terms of any such royalty payments.

18. Defendant admits that the Agreement calls for royalty payments to Meredith and that the Agreement speaks for itself with respect to the terms of any such royalty payments. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant admits that Plaintiff sent correspondence to Defendant on February 8, 2008 and that the correspondence speaks for itself.

21. Defendant denies the allegations in Paragraph 21.

## COUNT I

### (BREACH OF CONTRACT)

22. No answer is required to the allegations of Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25.

## COUNT II

**(LANHAM ACT—TRADEMARK INFRINGEMENT—REGISTERED MARKS)**

26. No answer is required to the allegations of Paragraph 26.

27. The allegations contained in Paragraph 27 are a legal conclusion to which no answer is required.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29.

## COUNT III

**(LANHAM ACT—COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)**

30. No answer is required to the allegations of Paragraph 30.

31. The allegations contained in Paragraph 31 are a legal conclusion to which no answer is required.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33.

34. The allegations contained in Paragraph 34 are a legal conclusion to which no answer is required.

35. The allegations contained in Paragraph 35 are legal conclusions to which no answer is required.

### COUNT IV

### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

36. No answer is required to the allegations of Paragraph 36.

37. The allegations contained in Paragraph 37 are a legal conclusion to which no answer is required.

38. Defendant denies the allegations contained in Paragraph 38.

### COUNT V

### (DEMAND FOR ACCOUNTING)

39. No answer is required to the allegations of Paragraph 39.

40. Defendant admits that it is required to provide certain written reports to Meredith under the Agreement.

41. Defendant admits that the Agreement requires certain written reports and that the Agreement sets forth the requirements of the reports.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

### II.
### AFFIRMATIVE DEFENSES

45. HIG asserts the following affirmative defenses:

    a. Meredith's claims are barred, in whole or in part, because Meredith materially breached its agreement with HIG;

      b.      Meredith's claims are barred, in whole or in part, by the equitable doctrine of unclean hands;

      c.      Meredith's claims are barred, in whole or in part, by its own breach of contract;

      d.      Meredith's claims are barred, in whole or in part, by the doctrine of impossibility;

      e.      Meredith's claims are barred, in whole or in part, by the doctrine of "frustration of purpose" or impracticability; and

      f.      Meredith's claims are barred, in whole or in part, by waiver.

## III.

## COUNTERCLAIM

HIG asserts the following as its Original Counterclaim against Meredith:

1.     HIG is the largest direct seller of home accessories in North America.

2.     On or about June 8, 2003, HIG and Meredith entered into a certain agreement known as the "Meredith Corporation-Home Interiors & Gifts Strategic Alliance (the "Meredith-HIG Contract").

3.     Pursuant to the Meredith-HIG Contract, Meredith granted HIG a license during the term of the Meredith-HIG Contract to use the "Branding Elements" in connection with the manufacture and promotion of certain products for distribution and sale within the United States and Australia.

4.     The Meredith-HIG Contract originally provided HIG a license over approximately four hundred home decorative products in certain product categories.

5. The Meredith-HIG Contract was subsequently amended to expand the four hundred home decorative products to approximately nine hundred (900) home decorative products in certain product categories.

6. The Meredith-HIG Contract provides HIG with an exclusive license on the "Branding Elements" (the "Exclusivity Provision").

7. On or about October 23, 2007, Meredith announced that it had signed a contract with Wal-Mart for the design, marketing, and retailing of home products based on the Better Homes and Gardens brand (the "Meredith-Wal-Mart Agreement").

8. Upon information and belief, the Meredith-Wal-Mart Agreement violates the Exclusivity Provision in the Meredith-HIG Contract and constitutes a breach of such agreement by Meredith.

9. On or about February 5, 2008, HIG advised Meredith that it believed Meredith was in breach of the Meredith-HIG Contract as a result of entering into the Meredith-Wal-Mart Agreement. On February 8, 2008, HIG again advised Meredith about the potential breach of contract. On February 13, 2008, HIG advised Meredith, in writing, that it believed Meredith was in breach of the Meredith-HIG Contract as a result of entering into the Meredith-Wal-Mart Agreement.

10. On or about February 5, 2008, February 8, 2008, and February 13, 2008, HIG requested a copy of the Meredith-Wal-Mart Agreement from Meredith.

11. To date, Meredith has refused to provide HIG a copy of the Meredith-Wal-Mart Agreement to evaluate the extent of Meredith's breach of the Meredith-HIG Contract.

12. The Meredith-Wal-Mart Agreement makes it impossible for HIG to meet its Net Sales figures under the Meredith-HIG Contract.

13. In addition, Meredith has breached the Meredith-HIG Contract by failing to provide a link on the bhg.com website, as required by the Meredith-HIG Contract.

### COUNT I—BREACH OF CONTRACT

14. HIG incorporates by reference the allegations to Paragraphs 1-13.

15. HIG has performed its obligations under the Meredith-HIG Contract.

16. Meredith has breached the Meredith-HIG Contract by, among other things, entering into the Meredith-Wal-Mart Agreement and failing to provide a link to HIG on the bhg.com website.

17. Further, Meredith's conduct in entering into the Meredith-Wal-Mart Agreement constitutes a breach of the implied covenant of good faith and fair dealing, which is implied by applicable law, by acting in bad faith and/or engaging in inequitable conduct contrary to the agreed common purpose or inconsistent with the justified expectations of HIG under the Meredith-HIG Contract.

18. HIG has sustained and continues to sustain monetary and other damages as a direct and proximate result of Meredith's breach.

WHEREFORE, HIG prays that the Court enter an Order that:

(a) Plaintiff take nothing;

(b) Awards Judgment in favor of HIG and against Meredith, for all damages incurred by HIG as a result of Meredith's breach, in an amount determined at trial, together with interest, costs, and reasonable attorney's fees, to the fullest extent allowable by law; and

(c)     For such further and additional relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

/s/ Scott M. DeWolf
Scott M. DeWolf
TX State Bar No. _
Kathleen M. Patrick
TX State Bar No.  24037243
Rochelle Hutcheson & McCullough LLP
Bank of America Tower Plano
101 E. Park Blvd., Suite 951
Plano, Texas 75074
Telephone:  (972) 735-9143
Fax:  (972) 735-9780
Email:  sdewolf@rhmlawyers.com
Email:  kpatrick@rhmlawyers.com

**Counsel for Defendant Home Interiors & Gifts, Inc.**

–and

/s/ Lee Ellen Helfrich
Martin Lobel
D.C. Bar No.  18960
Lee Ellen Helfrich
D.C. Bar No.  334557

Lobel Novins & Lamont, LLP
888 17th Street, N.W., Suite 810
Washington, D.C. 20006
Telephone:  (202) 371-6626
Facsimile:  (202) 371-6643
Email: helfrich@lnllaw.com

**Local Counsel for Defendant Home Interiors & Gifts, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copy of the foregoing document was served on the following counsel of record via e-mail, ECF and/or U.S. Mail on this 24th day of March, 2008:

Michael D. Hays
Mitchell H. Stabbe
DowLohnes PLLC
1200 New Hampshire Avenue, NW, Suite 800
Washington, D.C. 20036-2222

    /s/ Scott M. DeWolf
Scott M. DeWolf