IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEREDITH CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOME INTERIORS & GIFTS, INC., ) <br> ) <br> Defendant. ) <br> ) | No. 1:08-cv-00257-RBW |

## MEREDITH CORPORATION'S ANSWER TO COUNTERCLAIM

Plaintiff Meredith Corporation, by undersigned counsel, responds to the Counterclaim of Defendant Home Interiors & Gifts, Inc. ("HIG") as follows:

### GENERAL DENIAL

Plaintiff Meredith Corporation ("Meredith") generally denies all of the allegations in the Counterclaim except as expressly provided below.

### RESPONSES TO SPECIFIC ALLEGATIONS

Meredith responds to the specific allegations in the Counterclaim as follows:

1. Meredith is without knowledge or information sufficient to form a belief about the truth of the allegation in this Paragraph, and therefore denies it.

2. Admitted that on June 8, 2003, HIG and Meredith entered into a contract titled "Meredith Corporation-Home Interiors & Gifts, Inc. Strategic Alliance," which speaks for itself; otherwise denied.

3. Denied, except admitted that the Meredith-HIG Contract, conditioned upon and subject to, among other things, HIG making required payments to Meredith, granted certain

limited rights to use various Meredith marks upon the specific terms and conditions of the Meredith-HIG Contract; denied that the allegations in this Paragraph completely or accurately summarize the terms of the Meredith-HIG Contract; and further state that the Meredith-HIG Contract speaks for itself.

4. Denied, except admitted that the Meredith-HIG Contract, conditioned upon and subject to, among other things, HIG making required payments to Meredith, granted HIG a limited license to use the Meredith Marks for certain home decorative products, upon the specific terms and conditions of the Contract; denied that the allegations in this Paragraph completely or accurately summarize the terms of the Meredith-HIG Contract; and further state that the Meredith-HIG Contract speaks for itself.

5. Denied, except admitted that the Meredith-HIG Contract was subsequently amended on four occasions, which amendments speak for themselves; denied that the allegations in this Paragraph completely or accurately summarize the terms of the Meredith-HIG Contract.

6. Denied.

7. Denied, except admitted that on October 23, 2007, Meredith issued a press release, which speaks for itself; further denied that the allegations in the Paragraph properly characterize the terms of the "Meredith-Wal-Mart Agreement."

8. Denied.

9. Denied, except admitted that various correspondence was exchanged between the parties, which speaks for itself. Further state that HIG first alleged in writing that it contends the license agreement between Meredith and Wal-Mart constitutes a breach of the Meredith-HIG contract by correspondence dated February 13, 2008, in response to Meredith's demand for

payment by HIG of the Guaranteed Annual Minimum Royalty due and owing as of January 30, 2008.

10.    Denied, except admitted that correspondence from HIG to Meredith, dated February 13, 2008, included a demand that Meredith produce all documents representing the terms of the licensing agreement between Meredith and Wal-Mart. Further state that, on information and belief, the only reason HIG has requested to inspect the licensing agreement between Meredith and Wal-Mart is to attempt to interfere with Meredith's relationship with Wal-Mart.

11.    Denied, except admitted that, consistent with the confidentiality provisions contained in its licensing agreement with Wal-Mart, Meredith has not provided a copy of the Meredith-Wal-Mart Agreement to HIG.

12.    Denied.

13.    Denied.

### COUNT I – ALLEGED BREACH OF CONTRACT

14.    Meredith incorporates by reference its responses to the allegations contained in Paragraphs 1-13.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

### **DEFENSES**

Meredith states the following defenses and affirmative defenses to HIG's counterclaim, reserving the right to supplement these defenses and affirmative defenses before trial:

1.    HIG's counterclaim fails to state a claim upon which relief can be granted.

2. HIG's claims are barred because Meredith has performed all of its obligations under its contract with HIG and Meredith owes no contractual duty to HIG that was breached.

3. HIG has incurred no damages as a result of the Meredith-Wal-Mart Agreement.

4. HIG's counterclaim is barred by the doctrine of unclean hands.

5. HIG's counterclaim is barred by its bad faith conduct.

6. HIG's counterclaim is barred because HIG has materially breached the terms and conditions of the Meredith-HIG Contract.

7. HIG's counterclaim is barred for failure of and lack of consideration because HIG has failed to pay Meredith at least $1 million due and owing under the Meredith-HIG Contract.

8. HIG's counterclaim is barred by its failure to take steps to mitigate its damages, if any.

9. HIG's counterclaim is barred by the doctrine of waiver.

10. HIG's counterclaim is barred by the doctrine of laches.

11. HIG is barred from recovery of its claims by the doctrine of estoppel.

12. HIG's counterclaim is barred because, at all times relevant, Meredith acted in good faith and without knowledge of any wrongful acts or intents.

13. HIG has suffered no damages as a result of any action or omission by Meredith and there is no basis to award any damages to HIG.

14. HIG's counterclaim is barred by the doctrine of acquiescence.

15. HIG's counterclaim is barred by the doctrine of ratification.

16. Any damages awarded to HIG must be reduced under the doctrine of setoff to account for HIG's material breaches of its obligations to Meredith.

17. Any damages awarded to HIG must be reduced under the doctrine of recoupment to account for HIG's material breaches of the Meredith-HIG Contract.

18. Meredith reserves the right to plead additional defenses as they become known or available.

Dated: April 16, 2008

Of counsel:

Respectfully submitted,

/s/ James G. Sawtelle    by MbH
James G. Sawtelle

Faegre & Benson, LLP
1900 Fifteenth Street
Boulder, CO 80302-5414
Telephone: (303) 447-778
Facsimile: (303) 447-7800
jsawtelle@faegre.com

/s/ Michael Hays
Michael D. Hays (D.C. Bar No. 932418)
Mitchell H. Stabbe (D.C. Bar No. 333427)

Dow Lohnes PLLC
1200 New Hampshire Ave., N.W. Ste 800
Washington, D.C. 20036-6802
Telephone: (202) 776-2000
Facsimile: (202) 776-2222
mhays@dowlohnes.com
mstabbe@dowlohnes.com

Counsel for Plaintiff Meredith Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MEREDITH CORPORATION'S ANSWER TO COUNTERCLAIM were served on the following persons, at their said address, by electronic mail and by first class mail, this 16th day of April, 2008.

>Martin Lobel, Esq. (lobel@Inllaw.com)
>Lee Ellen Helfrich, Esq. (helfrich@Inllaw.com)
>Lobel, Novins & Lamont, LLP
>888 17th St., N.W., Suite 810
>Washington, DC  20006
>
>Scott M. Dewolf, Esq. (sdewolf@rhmlawyers.com)
>Kathleen M. Patrick, Esq. (kpatrick@rhmlawyers.com)
>Rochelle, Hutcheson & McCullough, LLP
>325 N. St. Paul Street, Suite 4500
>Dallas, TX  75201

_____
Michael D. Hays